STENNER, RESPONDENT, *v.* COLORADO-MONTANA MINES ASSOCIATION, APPELLANT.

(No. 8502.)

(Submitted May 11, 1944. Decided June 13, 1944.)

[149 Pac. (2d) 546.]

*Mr. Stanley R. Foot,* for Appellant, submitted a brief and argued the cause orally.

No appearance in behalf of Respondent.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from an order denying à motion to vacate a judgment.

The action was brought to recover a sum of money claimed to be owing as wages for labor. The debt was denied by defendant's answer. The case was at issue and was set for trial on the regular term trial calendar to be heard on October 13, 1942, at 9:30 a. m. There were eight other cases on the calendar in consecutive order for trial before this case. The case of *Couse* v. *Dietz,* the one immediately preceding, was reached and came on for trial on October 12th with a jury in attendance. Counsel for the defendant in the case here on appeal was in touch with the court to keep informed of the progress of the calendar, and was ready and intended to be in attendance with witnesses upon the conclusion of the trial of the preceding case. He had communicated by telephone with plaintiff's counsel and with the trial judge a few days before and was told the case would not be reached on the day set. The judge told him if it was reached on the following day, the 14th, and he was not then there, the case would not be called that day until his arrival.

Counsel for defendant and witnesses arrived in court at 2 o'clock in the afternoon of October 14th. The trial of the *Couse Case* had not yet been completed. Counsel was then informed that his case, the case here on appeal, had been disposed of in the forenoon of that day. The court had recessed the trial

of the *Couse Case* at 11 o'clock and, without any notice to defendant, had advanced its case on the calendar and called it for trial. Plaintiff and his counsel were there and ready to proceed. No one was there for defendant. The court heard plaintiff's proof and gave judgment for the amount sued for, $1,657 and interest and costs. An affidavit by one of plaintiff's attorneys states what was done, as follows:

"At about eleven o'clock A. M. the Honorable Henry G. Rodgers, Judge of the above styled District Court, called said McCaffery (plaintiff's counsel) to his position on the bench, informed him in affiant's presence that he had not heard from the defendants or their attorney and that he proposed to call the case up for trial so that he could let the jury go home. The Clerk called the case in open Court three times, but none of the defendants or their attorney responded. The Court then proceeded to hear the proof upon the issues joined by the pleadings without a jury, and at the conclusion rendered judgment in favor of the plaintiff."

Defendant's counsel, upon gaining the attention of the court, asked leave to make motion in open court to vacate the judgment and reinstate the case on the trial calendar. This was denied and the court instead made the following order: "It is ordered that no execution be issued in this case until a motion to set aside the judgment is made and disposed of, and that attorney for the defendant is given 10 days within which to file said motion."

Judge Rodgers, the presiding judge, was in failing health and ill at the time and died two days later.

Defendant filed its motion to vacate the judgment. This was resisted and, upon hearing had before Judge Rodgers' successor in office, it was denied and this appeal followed.

Appellant's counsel had the right to rely on the case not being called until the preceding case on the calendar, which was in process of trial, had been disposed of. (64 C. J. 60, Trial, sec. 55.) The trial of that case was not completed until two days later.

While a court may for good cause take up and hear a case out of regular order, it must not be done to the prejudice of the parties. (64 C. J. 61, sec. 56.) Here there was no justification for advancing the case. The action of the court was wholly arbitrary. The result to the defendant could not well have been more highly prejudicial. Defendant was deprived of its day in court with judgment entered without an opportunity to defend.

Regardless of statutory provision the court has inherent power to vacate its judgment for irregularity in entry, and that should have been done here. (Bancroft's Pleading and Practice, sections 1846, 1847.) There has been no appearance whatever on behalf of respondent in the appeal of the case.

The order appealed from is reversed with direction to vacate the judgment and restore the case on the docket as at issue and ready for trial.

Mr. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ADAIR concur.