**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Max BLUM, Defendant-Appellant.**

**No. 270, Docket 28134.**

United States Court of Appeals
Second Circuit.

Argued Jan. 17, 1964.

Decided March 10, 1964.

Certiorari Denied June 22, 1964.
See 84 S.Ct. 1920.

Isidore Beerman, of Beerman, Gaspari & Beerman, New York City, for appellant.

Jerome F. Matedero, Sp. Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., Eastern District of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, and SWAN and SMITH, Circuit Judges.

SMITH, Circuit Judge.

Max Blum appeals from concurrent 18 months sentences of imprisonment imposed by District Judge Walter Bruchhausen after conviction on trial to the jury in the Eastern District of New York on two counts, fraudulently facilitating transportation and receiving Swiss watch movements knowing the same to have been illegally imported, of a five-count indictment charging violation of 18 U.S. C. § 545 and conspiracy to do so. The jury found Blum not guilty on two substantive counts, charging fraudulently concealing and buying, and the fifth count, a conspiracy count, was severed. We find no error in the two-count conviction and affirm the judgment.

Railway Express Air Division, in San Diego, California, close to the Mexican border, received from a "Mexican fellow" a carton for shipment to appellant, a New York watch dealer, at appellant's home address in Brooklyn, New York. R. E. A. notified a Customs Agent, and the next day, when the same person brought in another carton, with the same consignor and consignee indicated, the carton when examined by an electronic device appeared to contain radioactive material. Thereafter, a Customs Agent at Idlewild Airport located and examined the first carton, which examination also indicated the presence of radioactive material. With permission of R. E. A., the package was opened and found to contain 2,149 Swiss watch movements without any importer's symbol. The movements were replaced in the package, the package resealed, and a search warrant obtained. With the assistance of R. E. A., a Customs Agent was clothed and equipped as an R. E. A. employee and made the delivery of both packages. Half an hour later, dressed in civilian clothes, the agent returned to Blum's premises, identified himself and asked for the packages. The appellant told the agent the whereabouts of the packages, in a utility room of Blum's house and the agent took the packages and arrested Blum. Blum when questioned about the cartons said they might be cutlery (one was mislabeled cutlery). When asked to open them, he refused, stating that they might be watches. Blum's explanation of their receipt was that one Sluis, the named consignor, whom he had met twice (and never saw again) had asked him to allow packages to be sent to his house for Sluis as a favor.

The heart of this appeal is an attack on the admissibility and sufficiency of the government's proof of illegal importation. The government put on competent expert testimony to establish that the watches were Swiss made "Altair" watches and that they were made within the preceding five years. Pursuant to a 1936 agreement with Switzerland, watch movements exported to the United States from Switzerland must be stamped with a mark to distinguish each United States

importer. Except for three which have an expired stamp, the watch movements were unstamped, and the testimony indicated that all these movements were manufactured in Switzerland after 1954. According to a directive in a 1940 letter from the Commissioner of Customs, all Customs Collectors were to furnish full particulars to the Swiss Consul General in New York in cases where Swiss watches and movements are imported without a distinguishing symbol stamped on them.

In order to prove unlawful importation, the United States proceeded on the theory that the watch movements could not have entered the United States lawfully without some official record being made of the importation. Thus, the government introduced certifications by 45 Collectors of Customs that they had found no record of the importation of Swiss watch movements since 1954 that corresponded to the movements found in the defendant's possession. This proof was clearly not conclusive, for it omitted New York and five of the certificates failed to check back to 1954. But the government also introduced a certificate from the State Department that the annexed document was a true copy from its files of a note from the Swiss Embassy and of a declaration by the Swiss Consul in New York. The Consulate declared that its office kept records of inquiries and replies regarding the importation of Swiss watches sans symbols, that the Consul General was the official custodian of the official records, and that no record of a report relating to watch movements of the description of those found in the defendant's possession had been addressed to the Consulate in New York since 1954.

Appellant sought to show that there had been Customs auctions at Los Angeles of illegally imported Swiss watch movements. This did not, however, reflect upon the government's proof as to non-importation of "Altair" watches of the type seized here.

█ The reports from the other collectors' offices may have some probative value even though some years are missing from some five of the reports. Regardless of this, however, the proof as to the agreement to report to the Swiss New York Consulate all unmarked movements, the instructions and practice of all Customs offices to do so, and the certificate as to lack of such reports to the Consulate concerning watch movements of the description of these movements, for the entire period in question, is sufficient to base a finding of unlawful importation if the certificate of the Consul General was properly admissible.

██ That it was admissible we have no doubt. Rule 27 of the Rules of Criminal Procedure provides that an official record or an entry therein or the lack of such a record or entry may be proved in the same manner as in civil actions. Rule 26 provides that admissibility of evidence generally in criminal trials shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. Rule 44 of the Federal Rules of Civil Procedure provides for the authentication of official records. For the purpose of this section, since the record is that of an official agency of a foreign government, the certificate of the Swiss Consul General, attested by the Swiss Ambassador and transmitted through the Secretary of State of the United States, complies with the spirit and terms of Rule 44(a). Even were we to find otherwise, the keeping of such records in the regular course of business of the Consulate General is sufficiently established to support their admissibility under 28 U.S.C. § 1732, made applicable by F.R.C.P. 44(c) and F.R.Crim.Proc. 26 and 27. See discussion in United States v. New York Foreign Trade Zone Operators, 304 F.2d 792 ( 2 Cir. 1962).

█ The other claimed errors require little discussion. Objection was taken to evidence as to the finding of 22 similar unmarked watch movements in defendant's house. Whether or not this objection was well taken, the judge's action in striking the evidence and instructing the jury to disregard it cured any possible prejudicial error.

■ We find no merit in the claim of unreasonable search and seizure. R. E. A. had a right to open the carton and examine the contents, which were misdeclared on the waybill. The electronic devices had indicated that the contents were other than the declared cutlery, justifying inspection under the right reserved in R. E. A.'s Express Classification.

The judgment is affirmed.