**UNITED STATES of America,
Appellee,**

v.

**William ECHOLS, a/k/a Steve Page,
Appellant.**

**No. 72–1577.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1973.

Decided April 20, 1973.

Allen I. Harris, St. Louis, Mo., for appellant.

Richard .K. Coffin, Sp. Atty., U. S. Dept. of'Justice, St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and ROSS and STEPHENSON, Circuit Judges.

MATTHES, Chief Judge.

We are again confronted, as we were in United States v. Burton, 475 F.2d 469 (8th Cir. 1973), 1973, with a controversy over the warrantless search of the luggage of an airline passenger and the question whether contraband found incident thereto was improperly admitted into evidence.

A three-count indictment charged that appellant, also known as Steve Page, (1) knowingly delivered to Trans World Airlines (TWA), a common carrier, a travel bag containing a Smith & Wesson model 19–2 .357 magnum loaded revolver and a box of cartridges for shipment in interstate commerce from Los Angeles, California to St. Louis, Missouri, in violation of 18 U.S.C. § 922(e); (2) knowingly and intentionally possessed with intent to distribute 200.45 grams of cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) unlawfully, knowingly and intentionally possessed 18.17 grams of marihuana in violation of 21 U.S.C. § 844(a).

The undisputed evidence on the motion to suppress, which was considered both before and during trial, revealed these relevant and operative facts.

On February 2, 1972, at approximately 9:50 a.m. (PST), appellant, using the assumed name of Steve Page, purchased in Los Angeles, California a one-way ticket for TWA Flight # 136 which was .scheduled to depart from Los Angeles at 9:55 a.m. and arrive in St. Louis at approximately 3:05 p.m. (CST). Appellant was unable to produce any identification upon the request of the ticket agent. Thereupon the latter informed the TWA Public Relations Representative of appellant's failure to furnish identification. The TWA representative would not permit appellant to board Flight # 136 because appellant's behavior comported with the Federal Aviation Administration security profile and for the additional reason that he could not produce identification. Appellant informed the TWA representative that a brown "Lark" travel bag had already been placed on the aircraft for transportation to St. Louis. Appellant produced the baggage check number and the representative made a record thereof.

David M. Gentry, Director of Customer Service for TWA, accompanied Flight # 136 in order to provide service to passengers in flight and after deplaning. The flight departed from Los Angeles and arrived in St. Louis as scheduled. Gentry and Terry Vaughn, TWA Customer Service Agent at St. Louis, discovered appellant's unclaimed luggage bearing the claim check number which had been furnished to Gentry. The unclaimed travel bag was opened by Vaughn for the alleged purpose of·identifying the owner so that the bag could either be returned to him or held for his arrival in St. Louis. Upon opening the travel bag, the magnum revolver and box of cartridges described in the indictment were found in the tie compartment. Thereupon, a deputy United States marshal was alerted and upon ex-

amination he, too, observed the revolver and cartridges and seized both.

In the meantime, appellant, sometime before 12:25 p.m. (PST), surrendered his ticket for Flight # 136, secured a refund, and purchased a ticket under his correct name for TWA Flight # 194. On this occasion, appellant produced two identification cards.

Flight # 194 arrived at the St. Louis airport at approximately 5:35 p.m. (CST). After deplaning, appellant was met in the air terminal area by a deputy United States marshal and placed under arrest.

On February 3, 1972, appellant was taken to the office of the United States marshal in the United States Court House in St. Louis for processing and investigatory purposes. While on an elevator, one of the deputy marshals, who was carrying a bathrobe belonging to appellant, discovered that the robe contained a rather sizeable bulge. Upon further exploration, the deputy marshal found plastic bags containing cocaine and marihuana, the subjects of Counts I and II, in the lining of the bathrobe. An analysis revealed a quantity of 187.-65 grams of high purity cocaine, possessing a strength of 14.17%, an additional 12.8 grams of very pure cocaine of 63.5% strength, 17.45 grams of marihuana, and .72 grams of hashish. A special agent of the Bureau of Narcotics and Dangerous Drugs testified that the cocaine had a value of approximately $200,000.

The district judge sentenced appellant to the custody of the Attorney General or his authorized representative for treatment and study pursuant to 18 U.S.C. § 4208(b) and ordered that the Director of the Bureau of Prisons furnish the court with the result of the study within three months in order that the court might consider further disposition of the case.

As long ago as 1921, in Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, the Supreme Court ruled that the provision of the fourth amendment forbidding unreasonable searches and seizures applied only to governmental action, and not the actions of private individuals. The holding in *Burdeau* has been recently cited with approval in Coolidge v. New Hampshire, 403 U.S. 443, 487, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Appellant, conceding that his travel bag was opened and searched by an agent of the airline, seeks to circumvent the private label by contending that the TWA employee was acting at the behest or in the capacity of a federal official.

Our recent case of United States v. Burton, *supra*, in which this court confirmed the private character of an airline search, is dispositive of the present case. In that case, defendant purchased an airline ticket and, at the same time, checked two bags for flight. The ticket agent, suspicious because defendant fit the security profile, and the weight distribution of one of his bags seemed unusual, searched the bag and found a gun. A federal marshal was notified, and defendant arrested.

In *Burton*, we recognized the general rule that searches of packages or luggage by airline employees are invulnerable to fourth amendment attack so long as the search is conducted by the carrier for its own purposes and without the instigation or participation of government agents. Clayton v. United States, 413 F.2d 297 (9th Cir. 1969), cert. denied, 399 U.S. 911, 90 S.Ct. 2204, 26 L.Ed.2d 565 (1970); Wolf Low v. United States, 391 F.2d 61 (9th Cir.), cert. denied, 393 U.S. 849, 89 S.Ct. 136, 21 L.Ed.2d 119 (1968); Gold v. United States, 378 F.2d 588 (9th Cir. 1967); Corngold v. United States, 367 F.2d 1 (9th Cir. 1966); United States v. Blum, 329 F.2d 49 (2d Cir.), cert. denied, 377 U.S. 993, 84 S.Ct. 1920, 12 L.Ed.2d 1045 (1964). In the present case the search of appellant's travel bag was conducted solely by a TWA employee for the pur-

pose of obtaining identification of the owner of the luggage. The employee was acting pursuant to a TWA regulation authorizing the precise conduct in which he was engaged. There is not a scintilla of evidence that any government agent requested that the search be made, was present when the travel bag was opened, or had any knowledge concerning the activity until after the gun had been discovered. In sum, we hold that the district court properly denied appellant's motion to suppress and permitted the magnum revolver, ammunition, and packages of drugs to be introduced into evidence.

■ There remains for consideration the contention that the government failed to show that appellant possessed an intent to distribute the cocaine. 21 U.S.C. § 841(a)(1). This claim is without substance and does not merit extensive discussion.

Confronted with an identical question, the Fifth Circuit reasoned, "The question of the validity of the inference turns on whether the amount of cocaine was such as will support an inference of intent to distribute as distinguished from mere possession for personal use." United States v. Mather, 465 F.2d 1035, 1037 (5th Cir. 1972). In that case, the court decided that possession of 197.75 grams of cocaine worth $2,500 delivered was sufficient to justify the inference. Here, appellant possessed 199.73 grams worth $200,000. The record does not reveal whether appellant was an addict, nor could his counsel enlighten us on this matter at oral argument. See also United States v. Ortiz, 445 F.2d 1100 (10th Cir.), cert. denied, 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971); United States v. Cerrito, 413 F.2d 1270 (7th Cir. 1969), cert. denied, 396 U.S. 1004, 90 S.Ct. 554, 24 L.Ed.2d 495 (1970).

We conclude that the case was in all respects properly decided and hence we affirm.