**UNITED STATES of America,**
**Plaintiff,**

v.

**Harold Peter ENTRINGER,**
**Defendant.**

**No. 75–93CR(3).**

United States District Court,
E. D. Missouri, E. D.

Sept. 19, 1975.

---

Donald J. Stohr, U. S. Atty., Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Dewey S. Godfrey, Jr., St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court for a decision on the merits. Harold Peter Entringer, the defendant is charged by indictment with a single violation of § 1462, Title 18, United States Code. The defendant has waived his right to a jury trial, and the facts particular to this case were stipulated to by the defendant, his counsel, and the United States Attorney.

The Court being fully apprised of the premises hereby makes the following findings of fact and conclusions of law.

### Findings of Fact

The stipulation entered into by the parties, a copy of which is attached, is hereby made a part of and incorporated into this memorandum. The Stipulations of Fact filed by the parties are adopted by the Court as its findings of fact.

### Conclusions of Law

■ The defendant has asserted that the seizures of the films by agents of the Federal Bureau of Investigation were illegal under the Fourth Amendment. It is clear that the packages were opened by agents of Trans World Airlines acting in a private capacity. Since the contraband was discovered by a private person, the Fourth Amendment protections are not invoked, and therefore suppression of any evidence discovered is not available. *United States v. Echols*, 477 F.2d 37 (8th Cir., 1973);

and *United States v. Pryba*, 163 U.S. App.D.C. 389, 502 F.2d 391 (1974).

■ Once the question of admissibility of evidence has been determined, the next crucial item to be dealt with is whether or not the government has proven the necessary elements of an offense under 18 U.S.C. § 1462. These elements are whether there was the "use" of a common carrier, and whether or not there was scienter on the part of the defendant. *United States v. Rubin*, 312 F.Supp. 950 (C.D.Cal., 1970).

The Court is of the opinion that the stipulated facts indicate that the defendant did make use of the common carrier, and was aware of the contents of the matters shipped. *United States v. Rich*, 407 F.2d 934 (5th Cir., 1969); and *United States v. Friedman*, 506 F.2d 511 (8th Cir., 1974).

■ Once the elements of a crime under § 1462 have been established, it then becomes the responsibility of the Court to determine whether or not the items in question were obscene.

It is the Court's opinion that the items shipped in the May 8, 1974, shipment are clearly obscene since they show the ultimate act of intercourse, and consist primarily of representations of masturbation, genital exhibition and various sexual dysfunctions. Under contemporary community standards, the materials clearly appeal to the prurient interests and are therefore obscene under the standards of *Miller v. California*, 413 U. S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

As stated above, the Court is of the opinion that the government has shown that the defendant, Harold Peter Entringer, did transport obscene materials on a common carrier in interstate commerce, in violation of 18 U.S.C. § 1462. The Court thereby finds the defendant, Harold Peter Entringer, guilty beyond a reasonable doubt as to the offense charged in the indictment.