STATE OF CONNECTICUT *v.* FRANCISCO ANNUNZIATO

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 5, 1977—decision released March 14, 1978

*Victor P. Fasano,* for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

LONGO, J. In a joint trial to a jury the defendant, Francisco Annunziato, and his father, Salvatore Annunziato, were convicted of conspiracy to murder one Edward Gould in violation of then General Statutes § 54-197 (now § 53a-48). To minimize confusion between the father and son Annunziatos, we will refer to each of them by his first name. The trial court denied Francisco's motion to set aside the verdict and he has appealed to this court from the judgment rendered on the verdict. Although Francisco assigns numerous errors we need consider only the claim that the court erred in excluding

cross-examination of a state's witness, Bruce Pino, regarding narcotics charges pending against him at the time of trial. To establish the context of this claim, it is necessary to review briefly both the evidence introduced at trial[1] and subsequent proceedings involving Salvatore.

The state's chief witnesses against Salvatore and Francisco were Gould and Pino. There was evidence that the Annunziatos and Gould belonged to opposing groups of associates. Gould testified that on the night of August 10, 1968, he was drinking at a bar where Salvatore and Francisco were present. Gould observed Salvatore consulting with an associate, Richard Biondi.[2] When Gould left the bar after midnight he was met by Biondi and Francisco. Gould agreed to give them a ride to Francisco's car, and, while driving, he saw a gun in the rear view mirror. He was shot as he jumped from the moving car. About two years later Gould asked Salvatore why he tried to kill him, and Salvatore replied: "Because you killed my brother-in-law."

Pino, who belonged to the Annunziato group, was also at the bar that evening. He testified that immediately after Biondi talked to Salvatore, Biondi approached him and asked him to take Biondi's companion Regina home because he had "some business to do for Midgie [Salvatore]." Pino saw Biondi, Francisco and Gould get into Gould's car and drive away. On the next day, August 11, at a restaurant Pino observed Salvatore and Francisco with others. Salvatore said, "Frankie can't

---

[1] For a more detailed statement of facts, see *State v. Annunziato*, 169 Conn. 517, 519–21, 363 A.2d 1011.

[2] Biondi died prior to the Annunziatos' trial.

do nothing right." Pino left the restaurant with Francisco, who told Pino he had shot Gould and related details of the shooting.

Salvatore appealed his conviction to this court and we denied the appeal in *State* v. *Annunziato,* 169 Conn. 517, 363 A.2d 1011. Among the errors claimed by Salvatore was that the court improperly excluded cross-examination of Pino concerning pending narcotics charges for the purpose of showing bias, motive and interest. We found the court's ruling erroneous because evidence of pending charges might have tended to show an expectation or hope for immunity or leniency in return for Pino's testimony. We decided that the error was harmless, however, on the ground that evidence of pending charges would have been cumulative and of no real significance in view of considerable evidence showing the circumstances surrounding Pino's decision to testify, as well as the argument of defense counsel and the court's charge to the jury. Defense counsel brought out that Pino had been convicted of possession of burglary tools, possession and passing of counterfeit money, four counts of statutory burglary, and conspiracy to commit bank robbery. Pino admitted that when he talked to the police about the Gould shooting he was hoping for leniency on the bank robbery charge, and that he subsequently received a suspended sentence. Pino also admitted that he had confessed in writing to the crime of arson, but had never been prosecuted for this crime. *State* v. *Annunziato,* supra, 524–26.

Salvatore exhausted his state remedies and brought a successful habeas corpus action in the

federal courts. *United States ex rel. Annunziato* v. *Manson,* 425 F. Sup. 1272 (D. Conn.), affirmed, 566 F.2d 410 (2d Cir.). The Second Circuit determined that the state had suppressed evidence of an agreement with Pino. In exchange for testifying against the Annunziatos and others, Pino had been promised immunity and leniency on pending charges. The state also failed to correct Pino's testimony on direct examination that no deal had been made. Finding that disclosure of the bargain to the jury would have created a reasonable doubt as to Salvatore's guilt, the Second Circuit concluded that his due process rights had been violated under the principles of *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215, *Giglio* v. *United States,* 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104, and *United States* v. *Agurs,* 427 U.S. 97, 96 S. Ct. 2392, 49 L. Ed. 2d 342. The *Brady* claim emerged from Pino's testimony in another trial held after the conviction and sentencing of the Annunziatos. As noted in the Second Circuit's opinion, this evidence was not in the record before us in Salvatore's appeal, nor is it in the record in Francisco's appeal.

The Second Circuit further determined that the trial court's refusal to permit cross-examination of Pino as to pending narcotics charges was harmful as well as erroneous. Had Salvatore's counsel been allowed to inquire, he might have uncovered Pino's bargain with the state and demonstrated Pino's present expectation of police and prosecutorial aid in return for his testimony, thereby impeaching the credibility of a key witness. Relying on *Davis* v. *Alaska,* 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347, the Second Circuit concluded that exclusion of evidence of Pino's bias deprived Salvatore of his sixth and fourteenth amendment right to effective

cross-examination and was constitutional error of the first magnitude which no amount of showing of want of prejudice would cure.

Francisco's appeal presents the same confrontation claim which, reinforced by evidence not presented on Salvatore's appeal to this court, led the federal courts to conclude that there was constitutional error requiring a new trial. The state urges that the error was harmless, correctly pointing out that Pino's testimony was not as vital to the case against Francisco as to the case against Salvatore. Nevertheless Pino's testimony was important in tending to prove the charge against Francisco. Under the circumstances the denial of Francisco's constitutional right to cross-examine Pino to show bias arising from pending narcotics charges cannot be said to be harmless beyond a reasonable doubt. *Davis* v. *Alaska,* supra, 317–18; *Chapman* v. *California,* 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.