STATE OF CONNECTICUT *v.* JOSEPH CORLEY

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued January 11—decision released April 3, 1979

*Richard R. Brown,* special public defender, for the appellant (defendant).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

LOISELLE, J. The defendant was convicted, on a trial to the jury, of conspiracy to commit larceny in the first degree in violation of §§ 53a-122 (a) (2), 53a-48 (a), 53a-121 (b), and 53a-119 (2) of the General Statutes. The defendant has appealed from the judgment rendered on the verdict.

The bill of particulars detailed six separate incidents in which the defendant participated with Thomas Davis, Jr., and others in the theft and fraudulent cashing of checks which totaled more than $2000.

In its brief, the state acknowledges that Davis was the chief witness for the state in the trial of the case and that it was he who testified in detail as to how the several checks were obtained and cashed, the role of the defendant in each transaction, and the extent of the defendant's share in the proceeds.

The errors claimed by the defendant involve rulings on evidence during the course of the trial. Only two rulings are briefed in accordance with our rules as provided in § 3054 (c) (3) of the 1978 Practice Book. *Maciejewska* v. *Lombard Bros., Inc.,* 171 Conn. 35, 38, 368 A.2d 206 (1976). There was only passing reference made in the defendant's brief to the other two claimed errors. One was an exception related to a question about whether Davis immediately admitted his guilt upon arrest. It should be noted that at a subsequent time, when the substance of the question was asked, it was answered. The other alleged error involved a question that referred to bond arrangements. When the objection was sustained no grounds were given for the admissibility of that evidence. It was for counsel to state how such testimony was relevant. In regard to both errors, there was no compliance with § 226 of the 1963 Practice Book. As we have said before, failure to conform to the rules of practice precludes review on appeal. *State* v. *Hawkins,* 162 Conn. 514, 517, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249 (1972); *State* v. *Grimes,* 154 Conn. 314, 323, 228 A.2d 141 (1966).

The two errors on rulings on evidence correctly briefed are related in that they both concern cross-examination to determine motive and self-interest. The first claim is that, after Davis had admitted implicating himself in the same charges as those lodged against the defendant, he also stated that such charges had not yet been disposed of in the Superior Court. He was then asked, "Why is it, sir, if you have two charges pending against you in Hartford County Superior Court and by your testimony expect no favors or what have you by the government concerning your testimony, whatsoever, why is it, sir, that you have waited almost two years concerning those two charges?" The state objected to that question, and its objection was sustained. The defendant then took an exception. It is a well recognized fact that a defendant is not the one who decides when a case or sentencing is to be assigned. *State* v. *Zeko,* 176 Conn. 421, 423, 407 A.2d 1022 (1979). The witness was not competent to answer such a question and the court was not in error in sustaining the objection.

The second briefed claim of error is directed to the court's refusal to allow the following question asked on cross-examination of Davis: "Isn't it fair to state, Mr. Davis, that in exchange for your testimony before this court concerning the matter involving the defendant, that you expect a favorable conclusion to your two pending felony charges?" The state objected to this question. Its objection was sustained and the defense took an exception.

Although evidence of a conviction of a felony where punishment may be more than a one-year term of imprisonment is admissible to attack credibility, evidence of arrest without conviction is not admis-

sible to attack the credibility of a witness. *State* v. *Annunziato,* 169 Conn. 517, 524, 363 A.2d 1011 (1975); *State* v. *Tropiano,* 158 Conn. 412, 426, 262 A.2d 147, cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288 (1969); see also cases collected in note, 20 A.L.R.2d 1421, 1425, § 3. The portion of the transcript quoted in the brief does not reveal that counsel complied with § 226 of the 1963 Practice Book in this instance; but it is noteworthy that just prior to this question, when counsel attempted to give his reasons for his objection, the court told him to take his exception. The wording of the question made it clear that it was asked not to attack credibility but to show bias, interest or motive so that the court was alerted to the purpose of the question without explanation of counsel. The right to show bias, interest or motive was unequivocally enunciated in *State* v. *Luzzi,* 147 Conn. 40, 46, 156 A.2d 505 (1959), wherein it was stated: "Cross-examination to elicit facts which tend to show motive, interest, bias or prejudice is a matter of right, and although the extent of such cross-examination may often rest in the sound discretion of the court, a denial of the right, or its undue restriction, will constitute error. . . . It is generally held that cross-examination for this purpose is a substantial legal right which may not be abrogated or abridged at the discretion of the court to the prejudice of the cross-examining party." *Gordon* v. *Indusco Management Corporation,* 164 Conn. 262, 271, 320 A.2d 811 (1973). See *Davis* v. *Alaska,* 415 U.S. 308, 316, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); *Annunziato* v. *Manson,* 566 F.2d 410 (2d Cir. 1977).

In the present case, Davis was arrested and charges were lodged against him stemming from the same series of events and involving the same

type of criminal behavior with which the defendant was charged. The state admits in its brief that Davis was its "chief witness." Based on the statements of facts from both briefs, it is apparent that without the testimony of Davis, it is improbable that the defendant would have been convicted of the charges against him. When testifying, Davis admitted that he had not yet been sentenced for charges to which he had pleaded guilty. That fact was a circumstance which might show or tend to show an expectation or hope on his part for immunity or leniency in the disposition of his own case. Under such a circumstance, the defendant had the right to cross-examine Davis to show whatever interest or motive he might have regarding the case. *State* v. *Annunziato,* supra, 524; 3 Wigmore, Evidence (Chadbourn Rev.) §§ 949, 967; 81 Am. Jur. 2d, Witnesses § 522. The court erred in denying the defendant the opportunity to inquire of Davis about any expectation of leniency. In view of the fact that Davis was the "chief witness" for the state, his testimony against the defendant was critical if not crucial. It was, therefore, essential that the defendant be accorded the right to delve into whether Davis had any interest or motive for involving the defendant in the crimes charged. This denial of the opportunity to cross-examine Davis was prejudicial to the defendant's rights and constituted harmful error. *State* v. *Annunziato,* 174 Conn. 376, 380, 387 A.2d 566 (1978).

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.