IN RE MARCEL L.*
(5986)

SPALLONE, DALY and NORCOTT, Js.

Argued March 9—decision released May 31, 1988

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Joette Katz,* public defender, for the appellant (defendant).

*Michael B. O'Hare,* assistant state's attorney, with whom, on the brief, was *Warren Murray,* deputy assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from his adjudication as a youthful offender after having been found guilty of breach of peace, in violation of General Statutes § 53a-181, and falsely reporting an incident, in violation of General Statutes § 53a-180.

The defendant claims that the trial court committed reversible error (1) by refusing to allow the defendant to question the state's witnesses about the disposition of criminal charges which had been brought against them and by refusing to consider any evidence regarding the dispositions of those charges, and (2) by finding the defendant guilty of falsely reporting an incident although there was insufficient evidence. We note initially that the state has conceded error on the defendant's second claim with the result that the defendant must be acquitted of that charge.

The only facts pertinent to the remaining issue in this appeal are as follows: In October of 1986, the defend-

ant and three members of a neighboring family were involved in a tumultuous altercation which resulted in the arrests of all concerned for breach of peace. The charges against the neighbors were eventually nolled by the state, and these three individuals testified against the defendant at his trial. During the testimony of these witnesses, defense counsel was prevented by the trial court from cross-examining them as to the circumstances surrounding the nolles. The court expressly stated that "the disposition of [those] cases *will not be considered by me in making my decision."* (Emphasis added.) Although on several occasions the defendant attempted to raise the subject again, the court remained steadfast in its refusal to allow such cross-examination. We find such refusal to be erroneous.

By disallowing and disregarding any evidence of the disposition of the charges against the only three witnesses, aside from the defendant, to the affray which led to the defendant's conviction, the trial court effectively prevented the defendant from confronting the witnesses against him. This limitation foreclosed an entire area of inquiry that could have exposed, if present, the bias, interest or motive of the only three witnesses whose testimony was proffered against the defendant.

"Cross-examination to elicit facts tending to show motive, interest, bias and prejudice is a matter of right and may not be unduly restricted. *State* v. *Corley,* 177 Conn. 243, 246, 413 A.2d 826 (1979); *State* v. *Luzzi,* 147 Conn. 40, 46, 156 A.2d 505 (1959). The sixth amendment to the constitution guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.' This right is secured to defendants in both state and federal prosecutions. *Pointer* v. *Texas,* 380 U.S. 400, 403, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965). The primary interest secured by confrontation is the right to cross-examination.

*Douglas* v. *Alabama,* 380 U.S. 415, 418, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965). An important function of cross-examination is the exposure of a witness' motivation in testifying. *Greene* v. *McElroy,* 360 U.S. 474, 496, 79 S. Ct. 1400, 3 L. Ed. 2d 1377 (1959). To comport with the constitutional standards embodied in the confrontation clause the defendant in exercising his right of cross-examination must be allowed to 'expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness.' *Davis* v. *Alaska,* 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974)." *State* v. *Wilson,* 188 Conn. 715, 720, 453 A.2d 765 (1982); see also *State* v. *Ortiz,* 198 Conn. 220, 223–25, 502 A.2d 400 (1985); *State* v. *Milum,* 197 Conn. 602, 608, 500 A.2d 555 (1985).

There is no merit to the state's claim that the trial court was merely exercising its discretion in placing restrictions on the scope of the cross-examination. " 'The general rule is that restrictions on the scope of cross-examination are within the sound discretion of the trial judge . . . but this discretion comes into play only after the defendant has been permitted cross-examination sufficient to satisfy the sixth amendment.' [*State* v. *Gaynor,* 182 Conn. 501, 508, 438 A.2d 749 (1980).] We need not address the threshold question in this case, however, because the trial court did not allow any cross-examination into the witness[es]' possible motive and interest. Cross-examination regarding motive, bias, interest and prejudice is a matter of right and may not be unduly restricted. *State* v. *Lubesky,* [195 Conn. 475, 482, 488 A.2d 1239 (1985)]; *State* v. *Shindell,* [195 Conn. 128, 140, 486 A.2d 637 (1985)]; *State* v. *Corley,* [supra, 246]; *State* v. *Luzzi,* [supra]." *State* v. *Milum,* supra, 609.

It is self evident that, on the basis of the legal principles enunciated in the cases cited above, the court was

obligated to permit the defendant to cross-examine all of the witnesses against him as to the circumstances concerning the fact that the state had nolled the charges against them, particularly here, where the prosecution of the defendant arose out of the same facts and circumstances that resulted in the arrests of all of the witnesses, as well as of the defendant.[1]

There is error, the judgment of the trial court is set aside and the case is remanded with direction to render a judgment of acquittal of falsely reporting an incident and for a new trial solely as to breach of the peace.

In this opinion the other judges concurred.

---

[1] We conclude that the circumstances of this case, where the witnesses' nolled charges arose from the same incident as the charges brought against the defendant, distinguish it from the decision in *State* v. *Harris,* 10 Conn. App. 217, 235–36, 522 A.2d 323 (1987).