[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO DISMISS
Defendant in the above captioned case files a Motion to Dismiss claiming that defendant's unexcused absence during his trial to the jury on a charge of sale of narcotics only empowered the court (Barnett, J.) to issue a capias and not a failure to appear warrant, which Judge Barnett did indeed issue. This court does not agree.
Defendant John Gaudiosi's jury trial commenced on March 31, 1992 with the presentation of evidence on that day and ensuing days of April 1 and 2. On April 3, 1992 a day on which trial was scheduled, John Gaudiosi did not come to court. No capias was issued for defendant. Defendant's absence from the courtroom was CT Page 6319 unexcused and unexplained. Presentation of evidence continued in his absence and late in the day, Judge Barnett ordered his bond called and ordered his rearrest. A warrant for failure to appear was prepared and signed by Judge Barnett late Friday afternoon, April 3, 1992. Defendant turned himself in on Saturday and was served with that warrant on which a bond of $50,000 was set.
On April 7, 1992, defendant was arraigned outside of the presence of the jury on the charge of failure to appear. The trial on the underlying charge of sale of narcotics continued and defendant was found guilty and sentenced. Defendant then moved to dismiss the charge of failure to appear.
Defendant claims that 684 and 969 of the Connecticut Practice Book are the relevant sections. There appears to be no Connecticut case directly on point. Defendant claims that the court was not authorized or empowered to issue and sign a failure to appear warrant but rather, should have issued a capias.
Practice Book 684 reads in part as follows:
"If the defendant fails to appear at the time and place promised in any bond or written promise to appear . . . the bond may be forfeited in accordance with its terms and the judicial authority may issue a warrant to cause the arrest of the defendant and his appearance in court or may issue a capias."
Clearly, the court has the option to chose either forfeiture and arrest or a capias by the use of the word "or" in the last line of the paragraph.
Practice Book 969 reads in full:
If the defendant is not present at the trial or a part thereof or the sentencing hearing and his absence has not been excused, the judicial authority may issue a capias in accordance with the provisions of 684.
This court holds that the use of the word "may" and the option given in 684 justify the procedure followed by Judge Barnett in the instant case. Further, this court holds that State v. Zeko, 176 Conn. 421 (1979) in which the judge declared a mistrial when defendant did not appear at trial and subsequently ordered his arrest for failure to appear is not controlling.
The Motion to Dismiss is denied.
/s/ Kulawiz KULAWIZ, J. CT Page 6320