STATE OF CONNECTICUT *v.* JAIRO URIBE
(5090)

DALY, BIELUCH and FOTI, Js.

Argued February 17—decision released May 10, 1988

*Mark Rademacker,* for the appellant (defendant).

*Christopher Malany,* deputy assistant state's attorney, with whom, on the brief, was *David P. Gold,* assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, after a jury trial, of possession of marihuana in violation of General Statutes § 21a-279 (c), and possession of marihuana with intent to sell in violation of General Statutes § 21a-277 (b). The defendant claims the trial court erred (1) by denying his motion to suppress evidence seized from his person, (2) by failing to set aside the conviction of possession of marihuana with intent to sell because the evidence was insufficient, (3) in its instruction to the jury on circumstantial evidence and intent, (4) in imposing sentences for both the greater and the lesser included offenses, and (5) in imposing fines on an indigent defendant. We find error as to the third and fourth claims.

The jury could reasonably have found the following facts. On the morning of October 26, 1984, New Haven police officers Robert L. Coffey and Leo J. Bombalicki were on duty and assigned to the street crime unit which is primarily responsible for narcotics and robbery cases. They were in plain clothes, patrolling in a rented, unmarked car. Both officers had attended a course on narcotics taught by the department of consumer protection and both had made hundreds of previous marihuana arrests. At approximately 11:20 a.m.,

they were driving near the intersection of Lloyd and Woolsey Streets in the Fair Haven area of New Haven, when Bombalicki saw the defendant and another man. The defendant was smoking a handrolled cigarette which was narrower than a "Marlboro cigarette," and holding it between his thumb and forefinger; when he inhaled the smoke, he held his breath. Coffey, who was driving, pulled the automobile to the curb and parked. Both officers then exited their car, and identified themselves to the defendant. The defendant thrust his hand, holding the lighted cigarette, into his jacket pocket. The police asked him to remove his hand from his pocket. He did so and the cigarette was seized. Toxicological testing later confirmed that the cigarette was marihuana. A further search of the defendant uncovered six plastic sandwich bags from an inside jacket pocket. Each bag contained brown plant-like material which contained seeds. Bombalicki believed this was marihuana and later testing confirmed that it was. The officers were aware that marihuana sold on the street was commonly packaged in either small manila envelopes or in small plastic bags, known as "nickel bags," and each sold for $5. The officers knew that larger quantities of marihuana packaged in the same sort of bags, called "dime" or "quarter" bags could be purchased on the street for $10 and $25 respectively. Also found on the defendant's person was a package of "EZ Wider" rolling papers. This type of paper was commonly used to make marihuana "joints" which could be sold individually for $1. From the defendant's right rear pocket, a sum of $145 in bills was confiscated, consisting of one $20 bill, six $10 bills and thirteen $5 bills. In another pocket the defendant had eighteen $1 bills.

## I

The defendant contends that the trial court should have granted his motion to suppress because the arrest

was not supported by probable cause. General Statutes § 54-1f (b) authorizes a police officer to arrest any person who he has reasonable grounds to believe has committed or is committing a felony. Reasonable grounds is equated with probable cause; *State* v. *Dennis,* 189 Conn. 429, 431, 456 A.2d 333 (1983). Although it is unlikely that Connecticut would employ the *Gates* standard; see *Illinois* v. *Gates,* 462 U.S. 213, 231, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); on a challenge to probable cause, particularly if that challenge is made under the state constitution, it is our view in this warrantless arrest and search matter that the trial court was correct under either the *Gates* "totality-of-the-circumstances" analysis or the *Aguilar-Spinelli*[1] two-prong test. See *State* v. *Kimbro,* 197 Conn. 219, 222–36, 496 A.2d 498 (1985).

"Probable cause exists if (1) there is probable cause to believe a crime has been committed and (2) there is probable cause to believe that the person to be arrested committed the crime. *State* v. *Heinz,* 193 Conn. 612, 616–17, 480 A.2d 452 (1984); *State* v. *Daley,* 189 Conn. 717, 720, 458 A.2d 1147 (1983). As its name implies, probable cause deals with probabilities, which are not technical, but are ' "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." ' *Illinois* v. *Gates,* [supra], quoting *Brinegar* v. *United States,* 338 U.S. 160, 175, 69 S. Ct. 1302, 93 L. Ed. 1879, reh. denied, 338 U.S. 839, 70 S. Ct. 31, 94 L. Ed. 513 (1949)." *State* v. *Williamson,* 10 Conn. App. 532, 545, 524 A.2d 655 (1987).

We are convinced that the several pieces of information known to the police at the time of the defendant's

[1] *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli* v. *United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

arrest combined to meet the required standard. See *State* v. *Perry,* 195 Conn. 505, 509, 488 A.2d 1256 (1985). In this case, the defendant was observed near an intersection that was notorious for marihuana sales. He was observed by a trained narcotics investigator to be in possession of a handrolled cigarette, resembling a marihuana "joint," held in a particular fashion between the thumb and forefinger, coupled with the act of holding his breath after inhaling in the distinctive manner of a marihuana user, created a reasonable suspicion of criminal conduct. This, combined with the defendant's act of putting a burning cigarette in his pocket, was most unusual and, under the totality of the circumstances, gave the officers probable cause to arrest the defendant.

The defendant argues that his act of putting a lighted cigarette in his pocket was induced by "illegal" police conduct. We cannot agree. The officers did nothing more than stop their car, display their badges and identify themselves as police officers. That conduct did not induce the defendant to put a lighted cigarette in his pocket. The police, therefore, had probable cause to believe that defendant had committed a crime, possession of marihuana. This justified the defendant's arrest and subsequent search incident to that lawful arrest. *State* v. *Carey,* 13 Conn. App. 69, 75, 534 A.2d 1234 (1987).

## II

The defendant next claims that the trial court erred in failing to set aside the conviction on the second count, possession of marihuana with intent to sell, because the evidence was insufficient to establish that charge beyond a reasonable doubt. In reviewing such a claim, we consider the evidence with a view toward sustaining the verdict of the jury. *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983). There is a two-fold test

for determining the sufficiency of the evidence to justify a conviction. First, we view all the evidence in the light most favorable to the verdict; then we determine whether, from that evidence and all the reasonable inferences which it yields, a jury could reasonably have concluded that the defendant was guilty beyond a reasonable doubt. *State* v. *Napoleon,* 12 Conn. App. 274, 283, 530 A.2d 634, cert. denied, 205 Conn. 809, 532 A.2d 78 (1987); *State* v. *Parent,* 8 Conn. App. 469, 472–73, 513 A.2d 725 (1986); *State* v. *DiStefano,* 7 Conn. App. 726, 731, 510 A.2d 995 (1986).

In his challenge to the sufficiency of the evidence, the defendant claims that the state has not proven intent, a necessary element of the crime, beyond a reasonable doubt. "Proof of a defendant's intent generally takes the form of circumstantial evidence, from which the jury is free to draw such inferences which are logical and reasonable. See *State* v. *Whelan,* 200 Conn. 743, 757, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986); *State* v. *Rodgers,* 198 Conn. 53, 57, 502 A.2d 360 (1985)." *State* v. *Napoleon,* supra, 284.

From the evidence presented at trial, we hold that the jury's finding of the defendant's intent to sell marihuana was reasonable and logical. It is admitted by the state that the quantity of marihuana seized was modest and, therefore, it was not possible to infer an intent to sell solely upon the fact of possession. The relatively small amount did not, however, preclude a finding that the defendant intended to sell the marihuana. The area where the defendant was standing was one noted for marihuana sale. The marihuana was packaged in a manner consistent with its being sold, and the jury could have also concluded that six bags of marihuana was a large amount for a single consumer. The defendant also possessed a packet of rolling papers, an item which could be associated with marihuana sales.

There was evidence that marihuana cigarettes were commonly sold for $1 each. The defendant also possessed a quantity of cash in denominations which could reasonably lead a jury to conclude that the defendant intended to sell marihuana. While not overwhelming, there was sufficient cumulative evidence of the defendant's intent to sell marihuana to support the jury's verdict. It is " '[t]he cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence.' *State* v. *Perez,* [183 Conn. 225, 227, 439 A.2d 305 (1981)] . . . ." *State* v. *Sinclair,* 197 Conn. 574, 576–77, 500 A.2d 539 (1985).

### III

The defendant's third claim is that the court erred in its instruction on inference which the jury could draw from circumstantial evidence.

The trial court charged the jury on the rule of circumstantial evidence as follows: "This rule involves the offering of evidence or facts from which you are asked to infer the existence of another fact or a set of facts. Such an inference may be made provided two elements in the application of this rule are satisfied. One, that the fact from which you are asked to draw the inference has itself been proven beyond a reasonable doubt and, secondly, that the inference asked to be drawn is not only logical and reasonable, but is strong enough so that you can find that it is more probable than not that the fact to be inferred is true."

The defendant claims, and the state concedes, that this instruction was harmful error because it was likely to confuse and mislead the jury regarding the state's burden of proving the element of intent beyond a reasonable doubt. We agree.

Our Supreme Court has recently concluded: " 'Where the principal factual issue at trial is intent, which is typi-

cally proven by circumstantial evidence, "we will closely scrutinize the court's instructions" on circumstantial evidence, in isolation from the remainder of the charge, to determine whether the court misled the jury as to the state's burden of proof.' *State* v. *Robinson,* 204 Conn. 207, 210, 527 A.2d 694 (1987)." *State* v. *McDonough,* 205 Conn. 352, 358, 533 A.2d 857 (1987).

At trial, the state presented evidence that the defendant was in possession of marihuana which was packaged in a manner consistent with sale, and that he possessed a substantial amount of money in denominations consistent with selling marihuana. The primary issue in this case was whether the defendant possessed with intent to sell or whether he was merely in possession.

In the context of this case, intent was an essential element of the state's burden of proof. *State* v. *McDonough,* supra, 355–56. The court's instruction that the jury need find only that it is "more probable than not that the fact to be inferred is true" sufficiently diluted the state's burden of proof beyond a reasonable doubt to constitute reversible error. *State* v. *Whelan,* 200 Conn. 743, 756–58, 513 A.2d 86 (1986); see also *State* v. *Gonzalez,* 206 Conn. 213, 228, 537 A.2d 460 (1988).

## IV

The defendant claims that his convictions of possession of marihuana with intent to sell and simple possession of marihuana violated the federal and state prohibitions against double jeopardy. The state has expressly conceded that the defendant's claim of double jeopardy violations is correct. In view of our decision in *State* v. *Napoleon,* supra, which was released concurrently with *State* v. *Williams,* 12 Conn. App. 225, 530 A.2d 627 (1987), we need not restate here the application of double jeopardy principles to the crimes

of possession of marihuana with intent to sell and possession of marihuana. Therefore, the defendant's conviction and sentence for possession of marihuana must be set aside.

## V

In view of our conclusion that the court committed error on issues three and four, the defendant's final claim that the imposition of a fine as part of his sentence offends basic notions of fairness is rendered academic. We will not decide academic questions. *State* v. *Mention,* 12 Conn. App. 258, 262, 530 A.2d 645 (1987).

There is error, the judgment is set aside as to both counts and the case is remanded for a new trial on the charge of possession of marihuana with intent to sell in violation of General Statutes § 21a-277 (b).

In this opinion the other judges concurred.