STATE OF CONNECTICUT *v.* BERNARD JOHNSON (7539)

BORDEN, SPALLONE and KULAWIZ, Js.

Argued November 14, 1989—decision released April 24, 1990

*Stephen V. Moran,* assistant public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Stephen J. Sedensky,* assistant state's attorney, for the appellee (state).

KULAWIZ, J. The defendant appeals from the judgment of conviction, after a jury trial, of robbery in the third degree in violation of General Statutes § 53a-136. The defendant claims that the trial court erred (1) in limiting his cross-examination of the victim, and (2) in allowing the testimony of a rebuttal witness. We find no error.

I

The defendant claims that the court violated his rights under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution to confront the witnesses against him by unduly limiting the cross-examination of the victim, Charles Douglas.[1] Douglas reported to a police officer that the defendant, armed with a firearm, robbed him of $6. The defendant sought to show that he was unarmed during the incident and that he assaulted Douglas with his fist for selling imitation drugs. To this end, the defendant asked several ques-

---

[1] We do not separately analyze the defendant's claims under the federal and state constitutions. See *State* v. *D'Ambrosio,* 212 Conn. 50, 57 n.5, 561 A.2d 422 (1989).

tions during cross-examination of Douglas designed to impeach his credibility by showing that Douglas was soliciting drug sales at the time of the incident, and that he had committed various illegal or dishonest acts in the past. The trial court sustained the state's objections to some of these questions, and the defendant assigns constitutional error.[2]

The purpose of the constitutional right to confrontation is to ensure that criminal defendants are not denied the opportunity to cross-examine adverse witnesses. *Pointer* v. *Texas,* 380 U.S. 400, 405, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965); *Douglas* v. *Alabama,* 380 U.S. 415, 418, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965). Connecticut courts have long recognized that cross-examination is a right, and its denial or undue restriction is error. *State* v. *Luzzi,* 147 Conn. 40, 46–47, 156 A.2d 505 (1959). The confrontation clause does not, however, suspend the rules of evidence to give the defendant the right to engage in unrestricted cross-examination. *Delaware* v. *Fensterer,* 474 U.S. 15, 20, 106 S. Ct. 292, 88 L. Ed. 2d 15 (1985) (per curiam); *State* v. *D'Ambrosio,* 212 Conn. 50, 57, 561 A.2d 422 (1989). Interrogation must not be repetitive or unduly harassing. *Davis* v. *Alaska,* 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974). The evidence sought through cross-examination must be relevant. See *State* v. *Gaynor,* 182 Conn. 501, 509, 438 A.2d 479 (1980), and cases cited.

---

[2] The court sustained the state's objection to the following questions which were put to Douglas during cross-examination: (1) whether Douglas had ever used crack cocaine; (2) whether the area in which the robbery occurred was known as a drug corner; (3) whether Douglas had ever broken a written promise to appear in court; (4) whether Douglas had lied to police in connection with a prior narcotics violation; and (5) whether Douglas was aware that he could be charged with making a false report to the police if he were to renounce his allegations against the defendant. The defendant took exception to each of these rulings.

Under the confrontation clause, there is a minimum of cross-examination that must be accorded the defendant into matters affecting the reliability and credibility of the state's witnesses. *Davis* v. *Alaska,* supra; *State* v. *Ortiz,* 198 Conn. 220, 224, 502 A.2d 400 (1985). Hence, the trial court commits error if it precludes all inquiry upon a subject tending to show the bias of a witness. *State* v. *James,* 211 Conn. 555, 573, 560 A.2d 426 (1989); *State* v. *Ortiz,.* supra, 226; *State* v. *Ouellette,* 190 Conn. 84, 103, 459 A.2d 1005 (1983). In order to determine whether cross-examination has been unduly restricted, this court must consider the two-step analysis set forth in *State* v. *Castro,* 196 Conn. 421, 493 A.2d 223 (1985).

The general rule that restrictions on the scope of cross-examination are within the court's sound discretion comes into play only after the defendant has been permitted cross-examination sufficient to satisfy the sixth amendment. *State* v. *Gaynor,* supra, 508. The first issue, therefore, is whether the defendant was accorded the minimum of cross-examination required by the constitution.

In the present case, the trial court did not preclude the defendant from cross-examining Douglas on matters tending to show bias, motive, or lack of credibility. The court permitted questions concerning his prior felony convictions, and whether he dropped out of school after robbing a woman who was carrying numbers money for organized crime. The defendant was permitted to enter into evidence a photograph of Douglas as he entered prison to serve a sentence for a 1983 robbery, and he was permitted cross-examination on the subject of whether Douglas had ever lied by using a false name either in court or in speaking with police officers. The defendant also cross-examined Douglas regarding whether he owed the defendant $75, and whether he and the defendant had

agreed that he would either repay the defendant with $75 in cash or with $125 worth of "product," or cocaine. The defendant also asked Douglas whether he knew the defendant was upset with him for selling "burn bags," or phony drugs, and Douglas responded that he did not remember an argument and that he was not engaged in business with the defendant.

Although the defendant was allowed to cross-examine the complainant on all of these matters, he claims that the court erred in failing to allow the following question: "If you changed your story here you could be charged with making a false report by this man, right?" When Douglas first took the stand he attempted to invoke the fifth amendment privilege against self-incrimination, and when the court informed him that the privilege did not apply to him, Douglas stated that he did not "want to go through with it." The jury was excused, and Douglas was given private legal advice outside the courtroom. Upon his return, the court asked him if he understood that he could be charged with contempt if he refused to testify, and that he could be charged with perjury if he testified falsely. Douglas' attorney informed the court that he was also advised that he could be charged with making a false report if he refused to testify. Douglas agreed to testify and the jury was recalled.

The claim of bias that the defendant sought to develop was admissible to afford the jury a basis for an inference that there was potentially undue pressure placed on Douglas to testify. The question went to assessing the motive or bias of the complainant. It was error, therefore, to exclude the question.

Standards for determining whether constitutional error is harmless are set forth by this court in *State v. Coleman,* 14 Conn. App. 657, 679, 544 A.2d 194, cert. denied, 208 Conn. 815, 546 A.2d 283 (1988). It has been

established that the harmless error standard applicable to a federal constitutional error is itself a matter of federal, not state, constitutional law. *Chapman* v. *California,* 386 U.S. 18, 21, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967); *State* v. *Coleman,* supra. The proper harmless error standard applicable to federal constitutional errors is whether " 'the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.' " *State* v. *Coleman,* supra, quoting *Rose* v. *Clark,* 478 U.S. 570, 576, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986).

Applying this standard, we conclude upon review of the entire record of this case, that the error was harmless beyond a reasonable doubt. Because of the more than ample opportunity to impeach the credibility of Douglas afforded the defendant in the cross-examination allowed by the court, the disallowing of that one question was inconsequential.

To comport with the constitutional standard embodied in the confrontation clause, the defendant in exercising his right of cross-examination must be allowed to expose to the jury the facts from which the jurors, as the sole triers of facts or credibility, may appropriately draw inferences relating to the reliability of the witness. *State* v. *Wilson,* 188 Conn. 715, 720, 453 A.2d 765 (1982). By allowing inquiry in the above manner, constitutional standards were satisfied as there was sufficient opportunity afforded the defendant to expose such facts in this case.

The second prong of the test is whether the trial court abused its discretion in restricting the scope of cross-examination. *State* v. *Castro,* supra, 425. The general rule is that restrictions on the scope of cross-examination are within the sound discretion of the trial judge. Id., 426. Every reasonable presumption should be given in favor of the correctness of the court's rul-

ing in determining whether there has been an abuse of discretion. Reversal is required only where an injustice appears to have occurred. *State* v. *Briggs,* 179 Conn. 328, 426 A.2d 298 (1979), cert. denied, 447 U.S. 912, 100A S. Ct. 3000, 64 L. Ed. 2d 862 (1980). To establish an abuse of discretion, it must be shown that restrictions imposed on cross-examination were clearly prejudicial. *State* v. *Gaynor,* supra. No such prejudice was shown to have occurred in this case.

## II

The defendant's second claim of error is that the court erred in allowing a police officer to testify as a rebuttal witness when the officer did not testify during the state's case-in-chief, although he had been subpoenaed for the case-in-chief and had not appeared. On rebuttal by the state, the officer testified as to Douglas' demeanor when he reported the alleged crime to the officer, namely, that he seemed shaken-up and out of breath, as though he had been running. The officer further testified, contrary to the testimony of a witness for the defendant, that he did not observe a "burn bag." The defendant argues that the officer's testimony was used to bolster a portion of the state's evidence in chief that the defendant had not challenged: that Douglas ran to the officer after the incident and told the officer that he had been robbed.

Rebuttal evidence is usually confined to testimony tending to refute the evidence presented by the defense. *State* v. *Simino,* 200 Conn. 113, 123, 509 A.2d 1039 (1986). Although, ordinarily, rebuttal evidence should not merely bolster the state's case; *State* v. *Lisella,* 187 Conn. 335, 337, 445 A.2d 922 (1982); the admission of rebuttal evidence is within the sound discretion of the trial court. *State* v. *Watkins,* 14 Conn. App. 67, 76, 540 A.2d 76, cert. denied, 208 Conn. 804, 545 A.2d 1102 (1988). The trial court appropriately limited the testi-

mony by the officer on rebuttal. Some of the officer's testimony contradicted evidence presented by the defendant.

This court will affirm a trial court's admission of rebuttal evidence that would have been normally presented as part of the case-in-chief unless the party claiming error sustains his burden of establishing harmful error. *State* v. *Lisella,* supra, 337–38; see also *State* v. *Simino,* supra, 124. The defense did not meet its burden of establishing harmful error in this case.

There is no error.

In this opinion the other judges concurred.

