STATE OF CONNECTICUT *v.* EVERTON LEWIS
(9297)

SPALLONE, DALY and CRETELLA, Js.

Argued June 5—decision released July 30, 1991

*Neal Cone,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Jennifer Sanders,* deputy assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of the crime of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a).[1] Although the jury found the defendant guilty of possession of narcotics in violation of General Statutes § 21a-279 (a), the trial court dismissed that charge.[2] The defendant claims that the trial court improperly restricted his cross-examination of the state's expert witness on narcotics trafficking. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On June 30, 1989, at approximately 2 p.m., officers of the Hartford police department executed a search warrant for 112 Stonington Street, apartment D, in Hartford. The police entered through the open door of the apartment, where they encountered the

---

[1] General Statutes § 21a-277 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marihuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

[2] The trial court dismissed the second conviction because the defendant "could not commit the greater offense of possession of a narcotic substance with intent to sell without, likewise, having committed the lesser offense of simple possession." *State* v. *Williams,* 12 Conn. App. 225, 231, 530 A.2d 627 (1987). Thus, the prohibition against double jeopardy prevents the defendant from being convicted on both counts. Id., 232.

defendant making a phone call. Upon seeing the police, the defendant turned his back toward the officers and appeared to place something in his waistband. Officer Michael Perodeau thought the defendant was reaching for a weapon and grabbed the defendant. Perodeau then removed a brown paper bag from the defendant's person. It was later determined that the bag contained twenty glassine packets of heroin and six plastic bags containing cocaine. A further search of the defendant's clothing produced six more glassine packets of heroin and another plastic bag containing cocaine. The defendant was also carrying $245 in denominations of five, ten and twenty dollar bills. Upon searching the kitchen, the police discovered two strainers that were covered with a white residue.

In the week before executing the search warrant, Detective Gregory Merit of the Hartford police department witnessed the defendant on several occasions leave apartment D on 112 Stonington Street after persons knocked on the apartment door or hailed the defendant from outside. Merit saw persons give money to the defendant who would then enter the apartment and return to hand something to the person who would then leave. Merit believed these exchanges involved the sale of narcotics.

The defendant claims that the trial court improperly restricted his cross-examination of the state's expert witness concerning the defendant's narcotics consumption. The defendant argues that such consumption may have affected the expert's opinion as to whether this defendant intended to sell narcotics or possessed them for his own use. The following facts are pertinent to this claim.

The trial court recognized Detective Michael Manzi of the Hartford police as an expert witness on narcotics trafficking. Manzi testified that the type of packaging

and the amount of narcotics found on the defendant were factors indicating that the defendant was selling narcotics. Manzi also opined that the presence of strainers in the apartment and the denominations of money in small bills found in the defendant's pocket were further evidence that the defendant was selling narcotics.

During the cross-examination of Manzi, defense counsel asked, "So, anytime somebody has ten bags, in your opinion, they are in the sale scenario?" Manzi answered, "It would lead me to believe that they were involved with the sale." Defense counsel then inquired: "[If] that person did ten bags a day, would [that] change your opinion?" Manzi replied, "It could, yes, it could." Manzi was then asked how that fact would alter his opinion. At that point, the state objected, claiming that the question was beyond the scope of direct examination. The trial court sustained the objection and defense counsel took an exception.

Although, the trial court should have allowed Manzi to answer this question and, therefore, improperly restricted the defendant's right to confront and cross-examine the state's expert witness in this case, we find that the restriction was harmless beyond a reasonable doubt. The confrontation clauses of both the federal and state constitutions grant a criminal defendant the right to confront all witnesses who testify on behalf of the state. *State* v. *Alvarez,* 216 Conn. 301, 315, 579 A.2d 515 (1990). The defendant's right to cross-examine witnesses is secured by the confrontation clause. *State* v. *Roma,* 199 Conn. 110, 114, 505 A.2d 717 (1986), citing *Douglas* v. *Alabama,* 380 U.S. 415, 418, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965). The right to cross-examine adverse witnesses is not absolute, however, and limitations on the scope of cross-examination are within the sound discretion of the trial court, as long

as the defendant has been allowed sufficient cross-examination to meet the requirements of the confrontation clause. *State* v. *Gaynor,* 182 Conn. 501, 508, 438 A.2d 749 (1980).

If the defendant is inquiring about motive, interest, bias and prejudice, cross-examination "is a matter of right and may not be unduly restricted." *State* v. *Vitale,* 197 Conn. 396, 402, 497 A.2d 956 (1985); *State* v. *Corley,* 177 Conn. 243, 246, 413 A.2d 826 (1979). The cross-examination in this case did not involve the defendant's attempt to inquire into one of these topics. The defendant was testing Manzi's credibility and the basis for his determination that a sale of narcotics had occurred instead of personal possession of narcotics. In order to satisfy the constitutional requirement for confrontation, defense counsel must be allowed to bring to the jury's attention "facts from which the jurors, as the sole triers of the facts and credibility, can appropriately draw inferences relating to the reliability of the witness." *State* v. *Vitale,* supra, citing *United States* v. *Vasilios,* 598 F.2d 387, 389 (5th Cir. 1979).

The defendant's question, to which the state objected, was within the scope of the direct examination. The direct examination covered both the amount of narcotics found on the defendant and his consumption of narcotics as factors considered by Manzi to determine whether the defendant was selling narcotics. The question asked on cross-examination that the trial court would not permit related to the defendant's intent to sell narcotics, that must be proved for a conviction under General Statutes § 21a-277 (a). Because this was an essential element of the crime, the defendant should have been allowed a more extensive inquiry into the basis of Manzi's opinion "to expose to the fact-finder any weaknesses" from his testimony on direct examination. *State* v. *Girolamo,* 197 Conn. 201, 216, 496 A.2d 948 (1985).

Although the question on cross-examination was within the scope of direct examination, we must determine whether the improper restriction of the defendant's cross-examination was harmless beyond a reasonable doubt. *State* v. *Coleman,* 14 Conn. App. 657, 679, 544 A.2d 194, cert. denied, 208 Conn. 815, 546 A.2d 283 (1988), citing *Rose* v. *Clark,* 478 U.S. 570, 576, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986). After reviewing the record, we find that the improper restriction of the defendant's cross-examination was harmless beyond a reasonable doubt. The defendant was given ample opportunity to cross-examine Manzi on the other factors that formed his opinion. One factor that Manzi relied on was the presence in the defendant's apartment of strainers containing a residue of white powder. Manzi testified that these strainers are used to prepare narcotics for sale. The presence of drug paraphernalia can be relevant to establish the defendant's intent to sell. *State* v. *Ober,* 24 Conn. App. 347, 352, 588 A.2d 1080 (1991). The defendant also cross-examined Manzi about the denominations of the bills of the $245 found on the defendant's person. This was another factor Manzi used to infer that the defendant was selling narcotics. This factor has been recognized as circumstantial evidence allowing a jury to infer that a defendant was intending to sell narcotics. *State* v. *Uribe,* 14 Conn. App. 388, 394, 540 A.2d 1081 (1988). Manzi further focused on the presence of packaging materials employed in the narcotics trade, as well as the amount of narcotics found, to form the opinion that the defendant intended to sell these narcotics. Id., 393.

By allowing the defendant to inquire into all of these other factors that supported Manzi's opinion, the exclusion of one hypothetical question was harmless beyond a reasonable doubt. We also note that the defendant could have called Manzi as his own witness to explore

the subject. Thus, the defendant was able to expose the jury to sufficient facts in order to assess the credibility and reliability of Manzi's opinion that the defendant intended to sell narcotics, as required by *State* v. *Vitale,* supra.

We must further determine if the restriction of the defendant's cross-examination constituted an abuse of discretion by the trial court. *State* v. *Johnson,* 21 Conn. App. 291, 296, 573 A.2d 1218 (1990), citing *State* v. *Castro,* 196 Conn. 421, 425, 493 A.2d 223 (1985). "Reversal is required only where an injustice appears to have occurred. . . . To establish an abuse of discretion, it must be shown that restrictions imposed on cross-examination were clearly prejudicial." (Citations omitted.) *State* v. *Johnson,* supra, 297. Because the trial court's restriction on the defendant's cross-examination was harmless beyond a reasonable doubt and, applying the same reasoning, we also conclude that it was not clearly prejudicial to the defendant. We conclude that the defendant has not demonstrated any prejudice resulted and, therefore, that no abuse of discretion occurred in this case.

The judgment is affirmed.

In this opinion the other judges concurred.