## State of Connecticut *v.* Francisco Cruz
## (10761)

Foti, Heiman and Freedman, Js.

Argued June 2—decision released August 11, 1992

*Brian M. O'Connell,* for the appellant (defendant).

*James A. Killen,* assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, and *Bernadette Conway,* assistant state's attorney, for the appellee (state).

Heiman, J. The defendant appeals from a judgment of conviction, rendered after a trial to the court, of possession of less than four ounces of marihuana in violation of General Statutes § 21a-279 (c)[1] and possession

---

[1] General Statutes § 21a-279 (c) provides in pertinent part: "Any person who possesses or has under his control . . . less than four ounces of a cannabis-type substance, except as authorized in this chapter . . ." may be fined or imprisoned or both.

General Statutes § 21a-240 (29) provides in pertinent part: " 'Marihuana' means all parts of any plant, or species of the genus cannabis . . . whether growing or not; the seeds thereof . . . ."

of drug paraphernalia in violation of General Statutes § 21a-267 (a).[2] He claims that the evidence was insufficient to sustain his convictions. The trial court found the following facts. On February 28, 1990, Trooper Louis A. Ward was assigned to patrol Route 91 in the general area between the towns of Middletown and Cromwell. At approximately 2 a.m., Ward observed a red Camaro occupied by two individuals, neither of whom was wearing a seat belt. He followed the vehicle and observed it change lanes without signaling. Ward activated his emergency lights and stopped the Camaro without incident.

Ward exited his vehicle and approached the Camaro from the passenger's side. Trooper Raoul Palen also arrived and approached the Camaro from the driver's side. The defendant, the operator of the vehicle, was asked to produce his operator's license and the vehicle's registration. The defendant produced his license but failed to produce the vehicle's registration.

Both Ward and Palen found the defendant to be cooperative. In response to questions by the officers, the defendant stated that the vehicle belonged to a friend and that he was traveling from the Bronx, New

---

[2] General Statutes § 21a-267 (a) provides in pertinent part: "No person shall use or possess with intent to use drug paraphernalia, as defined in subdivision (20) of section 21a-240 . . . to inject, ingest, inhale or otherwise introduce into the human body, any controlled substance . . . ."

General Statutes § 21a-240 (20) (A) provides in pertinent part: " 'Drug paraphernalia' refers to . . . products and materials of any kind which are used, intended for use or designed for use in . . . injecting, ingesting, inhaling or otherwise introducing into the human body, any controlled substance contrary to the provisions of this chapter including, but not limited to . . . (10) objects used, intended for use or designed for use in ingesting, inhaling, or otherwise introducing marihuana . . . into the human body, such as: Metal, wooden, acrylic, glass, stone, plastic or ceramic pipes with screens, permanent screens, hashish heads or punctured metal bowls; water pipes . . . ."

The defendant was acquitted of the charge of possession of heroin with intent to sell in violation of General Statutes §§ 21a-278 (b) and 53a-8.

York, to Willimantic. While speaking with the defendant, neither officer noted any odor of marihuana emanating from either the defendant's person or from the interior of the car. The defendant did not appear to be under the influence of alcohol or drugs.

Sergeant Gerald Pennington of the state police, the shift supervisor, arrived at the scene to observe his officers' use of investigative techniques, which had been the subject of recent training. Pennington approached the Camaro from the right rear. Using a 30,000 candlepower flashlight, he observed a marihuana seed in a pleat in the right rear seat cushion. The defendant was asked to exit the vehicle and to disclose the origin and destination of his trip. He repeated his explanation to Pennington. When asked about the ownership of the car, however, the defendant told Pennington that the Camaro was his, thus contradicting his previous statement that the vehicle belonged to a friend.

A search of the defendant's person revealed neither drugs nor weapons, but $1039.63. When asked about the presence of the marihuana seed, the defendant disclaimed any knowledge of it. The defendant admitted that he occasionally used marihuana, but asserted that he had not used any that night. The defendant consented to a search of the vehicle, which failed to disclose the presence of other marihuana, seeds or residue. While searching the vehicle, the officers found, in the center console of the vehicle, a package of "E-Z Wider" cigarette rolling papers.

The passenger, Abilio Garcia, also was asked to exit the vehicle. A search of his person revealed a paper towel containing a quantity of heroin in the front waist band of his trousers.[3] Subsequent investigation demon-

[3] Garcia was arrested and charged, but failed to appear for trial. A warrant seeking his rearrest was issued.

strated that the seed was capable of germination and that the seized heroin weighed approximately nine-tenths of an ounce.

At the completion of the state's case-in-chief, the trial court granted the defendant's motion for judgment of acquittal with respect to that count of the information charging him with aiding and abetting the possession of a narcotic substance with the intent to sell. It denied the motion with respect to the other two counts, and the defendant rested without presenting evidence. The trial court entered findings of guilty with respect to the two remaining counts of the information and sentenced the defendant in accordance with his conviction. This appeal followed.

The sole claim raised on appeal is that the trial court improperly denied the defendant's motion for judgment of acquittal on the charges of possession of marihuana and possession of drug paraphernalia because the evidence produced by the state was insufficient as a matter of law to support the findings of guilty. We agree.

To determine the sufficiency of the evidence to justify a conviction, we apply a two-fold test. *State* v. *Uribe,* 14 Conn. App. 388, 392–93, 540 A.2d 1081 (1988). First, we construe the evidence in the light most favorable to sustaining the trial court's verdict. *State* v. *Haddad,* 189 Conn. 383, 385, 456 A.2d 316 (1983); *State* v. *Uribe,* supra, 393. We then determine whether, "from that evidence and all the reasonable inferences which it yields, a [trier of fact] could reasonably have concluded that the defendant was guilty beyond a reasonable doubt." *State* v. *Uribe,* supra.

The test for determining whether the evidence is sufficient to sustain a verdict is "whether the [trier] could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to

justify the verdict of guilty beyond a reasonable doubt
. . . ." (Internal quotation marks omitted.) *State* v.
*Haddad,* supra, 387. When applying this test, the court
must ensure that "[e]ach essential element of the crime
charged must be established by proof beyond a reason-
able doubt, and although it is within the province of
the [trier] to draw reasonable, logical inferences from
the facts proven, [it] may not resort to speculation and
conjecture. . . . Where it cannot be said that a rational
trier of fact could find guilt proven beyond a reason-
able doubt, then, a conviction cannot constitutionally
stand, as it is violative of due process under the four-
teenth amendment. . . . [T]he burden rested upon the
prosecution to prove the guilt of the accused, i.e., to
prove each material element of the offense charged
beyond a reasonable doubt." (Citations omitted; inter-
nal quotation marks omitted.) Id., 387–88.

To prove either actual or constructive possession of
a narcotic substance, the state must establish beyond
a reasonable doubt that the accused knew of the char-
acter of the drug and its presence, and exercised domin-
ion and control over it. *State* v. *Brunori,* 22 Conn. App.
431, 435–36, 578 A.2d 139, cert. denied, 216 Conn. 814,
580 A.2d 61 (1990); *State* v. *Parent,* 8 Conn. App. 469,
473, 513 A.2d 725 (1986). Our courts have declined to
find actual possession where the narcotics were acces-
sible to others and were found in areas that were
occupied by others. See, e.g., *State* v. *Alfonso,* 195
Conn. 624, 634–35, 490 A.2d 75 (1985) (drugs found
in common area of an apartment were not possessed
by the defendant); *State* v. *Santiago,* 17 Conn. App. 273,
278, 552 A.2d 438 (1989) (drugs found in a vehicle
occupied by more than one person were not possessed
by defendant). When the defendant is not in exclusive
control of the area where the contraband is found, "it
may not be inferred that [the defendant] knew of the
presence of the narcotics and had control of them,

unless there are other incriminating statements or circumstances tending to buttress such an inference." (Internal quotation marks omitted.) *State* v. *Alfonso,* supra, 633. "[T]he presence of the defendant near the contraband without more is insufficient to support an inference of possession." *State* v. *Brunori,* supra, 436.

The state relies on evidence that the defendant informed a police officer that the vehicle belonged to a friend, but later told another officer that the vehicle belonged to him. Other than these statements, the record is devoid of proof of ownership of the vehicle in which the seed was found. Nothing in the record indicates how long the defendant had possessed the vehicle nor the circumstances under which he had obtained it. The state also relies on the defendant's statement in which he admitted having smoked marihuana in the past. The state failed, however, to produce any additional evidence that the defendant had smoked marihuana or had transported the substance in the vehicle. The defendant's statements involving nonspecific past marihuana use are minimally probative of the issue of dominion and control of the seed.

The state must prove beyond a reasonable doubt that the defendant knew of the character of the drug and its presence, and exercised dominion and control of it. Id., 435–36. The evidence, however, equally supported a conclusion that the defendant was unaware of the presence of either the seed or the rolling papers and did not exercise dominion and control over them. "The trier may not reach a conclusion of guilt where the facts, established by the evidence, including those reasonably and logically inferred from the other proven facts, are rationally consistent with the innocence of an accused. A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with

the defendant's guilt and inconsistent with any other rational conclusion." *State* v. *Morrill,* 193 Conn. 602, 610, 478 A.2d 994 (1984).

The evidence in this case fell short of proof beyond a reasonable doubt. The state has failed to offer supporting evidence that the defendant possessed either the rolling papers[4] or the marihuana seed. See *State* v. *Alfonso,* supra, 634.

The judgment is reversed and the case is remanded with direction to render judgment of acquittal on the two counts on which the defendant had been found guilty.

In this opinion the other judges concurred.

---

[4] We note that "rolling paper" is not listed in the examples of drug paraphernalia set forth in General Statutes § 21a-240 (20). In light of our resolution of this case, we need not address the question as to whether rolling papers constitute drug paraphernalia as defined by the statute.