Decided March 23, 1994

### STATE OF CONNECTICUT v. FERNANDO REIS

The defendant's petition for certification for appeal from the Appellate Court, 33 Conn. App. 521 (AC 11572), is denied.

BERDON, J., dissenting. This is a case where prosecutorial strategy, coupled with an unreasonable application of the hearsay rule by the trial court, effectively stripped away the defendant's defense. A crucial witness, Antonio Gomes, refused to testify for the defense, asserting his fifth amendment privilege against self-incrimination. The state's attorney refused to grant immunity to Gomes pursuant to General Statutes § 54-47a. I have no quarrel with the Appellate Court's decision that the defendant was not entitled to a court order of immunity so that Gomes could testify.

I do, however, find troubling the Appellate Court's decision that Gomes' out-of-court statements given to

901

the defendant's investigator were not admissible as a declaration against penal interest. On two occasions, three months and nine months after the incident underlying the defendant's conviction, the defendant's investigator met with Gomes and obtained the statement that Gomes gave a gun to Steven Carloto, the alleged victim, several days before the incident. This statement would have corroborated the defendant's defense that he did not have possession of the weapon and therefore was not guilty of violating General Statutes § 53a-217.

"[T]rustworthy third party statements against penal interest which are exculpatory to the defendant are admissible if the declarant is unavailable." (Internal quotation marks omitted.) *State* v. *Boyd,* 214 Conn. 132, 138, 570 A.2d 1125 (1990). This is not merely an evidential rule, but rather, it implicates the right to a fair trial under the due process clause of the fourteenth amendment. *State* v. *DeFreitas,* 179 Conn. 431, 449, 426 A.2d 799 (1980), citing *Chambers* v. *Mississippi,* 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973).

"Four considerations have been deemed relevant when examining the trustworthiness of declarations against penal interest: (1) the time of the declaration and the party to whom the declaration was made; (2) the existence of corroborating evidence in the case; (3) the extent to which the declaration is really against the declarant's penal interest; [and] (4) the availability of the declarant as a witness." (Internal quotation marks omitted.) *State* v. *Rosado,* 218 Conn. 239, 244–45, 588 A.2d 1066 (1991). "In determining whether the threshold level of trustworthiness [is] satisfied . . . the trial court does not have to find it to be absolutely trustworthy because if this were so, the province of the jury as the finder of fact and weigher of credibility would be entirely invaded. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Hernandez,* 204 Conn. 377, 390, 528 A.2d 794 (1987).

The state concedes that Gomes' statements were against his penal interest and that Gomes was unavailable because of his invocation of the privilege. The Appellate Court held, however, that the statements failed to meet the first and second factors because there was a lapse of time between the occurrence and the statements; the statements were not made spontaneously, but in response to questioning; the statements were not made to a person "with whom he shared a close, confidential relationship"; and there was a lack of corroborative evidence. *State* v. *Reis,* 33 Conn. App. 521, 530, 636 A.2d 872 (1994).

The defendant points out, however, that the Appellate Court failed to consider several significant indicia of trustworthiness. First of all, three months and nine months are not particularly significant lapses of time, in view of the content of the statements. They do not relate to eyewitness testimony such as a description of a person, or the content of a conversation; memories of these types of experiences might quickly fade, distort and become unreliable. Instead, the statements address a simple transaction, the giving of a gun to Carloto several days before he was shot with the gun. Furthermore, absent some suggestion that the statements were staged or coerced, I disagree with the Appellate Court's assertion that the statements are unreliable because they were not made spontaneously, but instead made in response to questioning by the investigator.

Second, the defendant states that the investigator was a retired Bridgeport police captain of twenty-five years experience who was neither a friend nor relative of the defendant. This neutrality weighs in favor of, not against, the reliability of the statement. Cf. *State* v. *Sanchez,* 200 Conn. 721, 726, 513 A.2d 653 (1986) (witness' intimate relationship with defendant was a factor "coloring" trustworthiness). In addition, a

former police captain who would subject himself to testifying under oath would likely be aware of the great importance to the criminal justice process of having an *accurate* recording of the evidence he gathered.

Third, Gomes gave his statement on two different occasions to the investigator, despite the fact that the statement was against his penal interest. The state has identified no motive that Gomes might have had to lie to the investigator.

With regard to the second *Rosado* factor, the defendant points out that corroboration was provided. The defendant's theory of defense was supported by another witness, who testified that he first saw the gun in Carloto's hand. Carloto accurately identified the gun as a .38 caliber to hospital personnel after the incident, despite the state's claim that the gun belonged to the defendant, was never handled by Carloto, and was only briefly viewed by Carloto during an altercation.

Finally, the defendant persuasively argues that the reasoning of the Appellate Court, particularly in regards to its requirement of a confidential relationship between the declarant and the witness, would in all practicality foreclose the admissibility of any statement by an unavailable declarant to a defendant's investigator. Such a confidential relationship requirement could have the potential to work great injustice, as it may have in the present case.[1]

---

[1] The Appellate Court stated that the existence of a confidential relationship between the unavailable declarant and the in-court witness is a factor in determining the trustworthiness of a statement. *State* v. *Reis,* supra, 33 Conn. App. 530. This court has also repeatedly relied on this factor. *State* v. *Hernandez,* supra, 204 Conn. 392; *State* v. *Bryant,* 202 Conn. 676, 699, 523 A.2d 451 (1987); *State* v. *Sanchez,* supra, 200 Conn. 726. In fact, we stated in *Hernandez* that "the witness testifying as to the statement *must* be the one in whom the declarant would naturally confide." (Emphasis added.) *State* v. *Hernandez,* supra, 392. This type of absolute and mechanistic reliance on a single indicia of reliability runs afoul of *Chambers* v. *Mississippi,* supra, 410 U.S. 300, which "holds that trustworthy third party decla-

Based upon the foregoing, I believe that Gomes' statements should have been admitted. Furthermore, in view of the state's refusal to grant immunity to Gomes, there was an even more compelling reason for admissibility.

Fairness would dictate that when the state refuses to act in order to make available to the jury all the evidence—that is, in this case Gomes' crucial defense testimony—this should be an important factor in tilting the scales in favor of allowing reasonably reliable out-of-court statements into evidence. Instead, in this case, we allow the state to have it both ways—the state blocks the live testimony of Gomes by not granting immunity, which we have held to be solely within the powers of the state's attorney, and then successfully objects to Gomes' out-of-court statement on the ground that it is not reliable. These types of tactics encourage defendants, such as Fernando Reis, to perceive that our system of justice is stacked against them. We should not permit that perception to exist.

I would certify the following question: "Whether the Appellate Court was correct in holding that the trial court did not abuse its discretion in determining that exculpatory statements against the penal interest of a witness claiming the protection against self-incrimination, which statements were made to the defendant's investigator, were not admissible?"

Accordingly, I respectfully dissent.

*John R. Gulash, Jr.,* in support of the petition.

*C. Robert Satti, Jr.,* assistant state's attorney, in opposition.

Decided March 23, 1994

rations against penal interest which exculpate the accused and are critical to his defense cannot be excluded as hearsay in mechanical fashion when the declarant is unavailable for cross-examination . . . ." *State* v. *DeFreitas,* supra, 179 Conn. 449.