STATE OF CONNECTICUT *v.* JAMES OLIVER, JR. (13048)

O'Connell, Foti and Spear, Js.

Argued February 22—officially released April 23, 1996

*Jon L. Schoenhorn*, for the appellant (defendant).

*John A. East III*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Rosita M. Creamer*, assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1),[1] and one count of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1).[2] The defendant claims that the trial court improperly (1) denied his motion for a judgment of acquittal in which he claimed that there was insufficient evidence to support his conviction of sexual assault in the first degree, (2) violated his rights to confrontation and cross-examination by precluding certain inquiries, (3) admitted evidence under the "constancy of accusation" exception to the hearsay rule, (4) instructed the jury on an element of sexual assault in the first degree, and (5) instructed that the date of the offense was not an element of the crime. We reverse the defendant's conviction and order a new trial.

The jury could have reasonably found the following facts. On the evening of August 7, 1991, Louise Carroll drove her forty-two year old daughter, Peggy, and Peggy's thirty year old friend (victim) to a martial arts class taught by the defendant. The class, which was specifically designed for students with mental impairment, was held in the defendant's garage. The victim is afflicted with Down's syndrome and, although she graduated from high school, has a mental age equivalent

---

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-72a (a) provides in pertinent part: "A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or against a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such other person to fear physical injury to himself or herself or a third person . . . ."

to that of an eight year old.[3] Carroll parked the car in the defendant's driveway and waited there during the lesson. When Peggy and the victim returned to the car approximately one hour later, Carroll drove them to her house.

Once the victim returned to her own home, she began to cry uncontrollably. The victim told her mother, and later a police detective, that the defendant had forcibly touched and kissed her breasts, placed his hands inside her pants, forced her to touch his penis, digitally penetrated her vagina, forced her to masturbate him and, ultimately, ejaculated into the sink. At a subsequent police interview, the victim added that the defendant had also kissed her vagina.

I

We first address the defendant's claim that the evidence adduced at trial was insufficient to support his conviction for sexual assault in the first degree. The information charged the defendant with sexual assault in the first degree by compelling another person to engage in sexual intercourse by "placing his finger inside her vagina, and engaging in cunnilingus."[4] The defendant claims that because the victim never testified that she removed her underwear or the sanitary napkin that she was wearing, the evidence supported neither a finding that he digitally penetrated the victim's vagina nor a finding that he performed cunnilingus on her.

---

[3] The defendant was not charged with sexual assault in the second degree with a mentally defective or mentally incapacitated person who is unable to consent to sexual intercourse in violation of General Statutes § 53a-71 (a).

[4] Pursuant to General Statutes § 53a-65 (2), sexual intercourse is defined as "vaginal intercourse, anal intercourse, fellatio or cunnilingus between persons regardless of sex. . . . Penetration, however slight, is sufficient to complete vaginal intercourse, anal intercourse, or fellatio and does not require emission of semen. Penetration may be committed by an object manipulated by the actor into the genital or anal opening of the victim's body."

In reviewing claims of insufficiency, we first examine the evidence presented at trial and construe it in the light most favorable to sustaining the verdict. *State* v. *Stanley*, 223 Conn. 674, 677–78, 613 A.2d 788 (1992). We then look at the facts established at trial and the reasonable inferences drawn therefrom, and decide whether the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. Id.

In this case, there was ample evidence to support a finding that the defendant compelled the victim to engage in sexual intercourse by inserting his finger into her vagina. The victim specifically testified that the defendant penetrated her vagina with one of his fingers. The victim's doctor testified that he did not observe any signs of forcible penetration, but that digital penetration would not necessarily produce a physical change in the vagina. Once presented with this evidence, it is the right and duty of the jury to draw reasonable and logical inferences from it. *State* v. *Weinberg*, 215 Conn. 231, 255, 575 A.2d 1003, cert. denied, 498 U.S. 967, 111 S. Ct. 430, 112 L. Ed. 2d 413 (1990). On the basis of the victim's testimony, the jury could have drawn the reasonable inference that the defendant displaced or rearranged the victim's undergarments and sanitary napkin to the extent necessary to accomplish digital intercourse. On the basis of the testimony of the victim and the victim's physician and the reasonable inferences drawn therefrom, the jury could have reasonably concluded that the cumulative effect of the evidence established the defendant's guilt of sexual assault in the first degree beyond a reasonable doubt.

Alternatively, the defendant claims that even if we conclude that sufficient evidence was presented to support a finding of digital penetration, there was insufficient evidence to support a finding that cunnilingus occurred. The essence of this argument is that a factual

insufficiency regarding cunnilingus, even if accompanied by a general verdict of guilty on a factually supported basis of digital penetration, is a due process violation under article first, § 8,[5] of our state constitution. Because the defendant has failed, however, to provide us with an independent analysis of his state constitutional claim, we limit our analysis to the relevant federal constitutional claim. *State* v. *Santiago*, 224 Conn. 325, 328 n.4, 618 A.2d 32 (1992).

When a jury returns a verdict on an information that charges several acts in the conjunctive, "a factual insufficiency regarding one statutory basis, which is accompanied by a general verdict of guilty that also covers another, factually supported basis, is not a federal due process violation. *Griffin* v. *United States*, 502 U.S. 46, 112 S. Ct. 466, 116 L. Ed. 2d 371 (1991)." *State* v. *Chapman*, 229 Conn. 529, 539, 643 A.2d 1213 (1994). Because we have already concluded that one of the statutory alternatives given to the jury was supported by sufficient evidence, we conclude that the defendant has not been denied due process under the federal constitution.

## II

The defendant next claims that his constitutional rights of confrontation and cross-examination were abridged when the trial court precluded inquiry into the victim's multiple statements that she felt "guilty" about testifying. We agree.

The right to confront and cross-examine adverse witnesses is a fundamental part of a fair trial. *Pointer* v. *Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965). Cross-examination eliciting facts tending to show motive, interest, bias, and prejudice is a matter

[5] Article first, § 8, of the Connecticut constitution provides in pertinent part: "No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law . . . ."

of right and may not be unduly restricted. *State* v. *Lubesky*, 195 Conn. 475, 481–82, 488 A.2d 1239 (1985). This right, however, is not absolute. The trial court, in its discretion, may impose limitations on the scope of cross-examination, as long as the defendant has been permitted sufficient cross-examination to satisfy constitutional requirements. *State* v. *Crosby*, 34 Conn. App. 261, 272, 641 A.2d 406, cert. denied, 230 Conn. 903, 644 A.2d 916 (1994).[6]

On several occasions during her direct testimony, the victim made unsolicited statements that she felt guilty, exclaiming, "I feel guilty now," and "Oh, God, I feel guilty." After defense counsel introduced himself and began cross-examination, the victim exclaimed, "I'm gonna feel guilty if I tell him this." When the trial court subsequently excused the jury to hear legal argument, the victim again said, "I'm gonna feel guilty." Later in cross-examination, when defense counsel showed the victim a photograph of the location of the assault, the victim responded, "God, I'm [going to] feel guilty." After the victim made this sixth remark about feeling guilty, the defendant attempted to inquire why the victim felt guilty. The state objected, and the defendant was precluded from this line of inquiry on relevancy grounds.

The crux of the defendant's claim is that the trial court improperly precluded him from asking the victim why she repeatedly said that she felt guilty. In reviewing this claim, we must determine whether the trial court abused its discretion by restricting cross-examination as to this line of inquiry. *State* v. *Colon*, 28 Conn. App. 231, 235, 611 A.2d 902, cert. denied, 223 Conn. 922, 614 A.2d 827 (1992). "In determining whether a defendant's

---

[6] Although the defendant also claims a violation of his right to confront witnesses under article first, § 8, of the state constitution, he has failed to present an independent analysis of that claim. Consequently, we limit our analysis to the relevant federal constitutional claim. See *State* v. *Joly*, 219 Conn. 234, 258 n.16, 593 A.2d 96 (1991).

right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial. . . . Although it is axiomatic that the scope of cross-examination generally rests within the discretion of the trial court, [t]he denial of all meaningful cross-examination into a legitimate area of inquiry fails to comport with constitutional standards under the confrontation clause. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Santiago*, supra, 224 Conn. 331. To establish an abuse of discretion, the defendant must show that the restrictions imposed on him were "clearly prejudicial." *State* v. *Lewis*, 25 Conn. App. 354, 360, 594 A.2d 489 (1991).

Applying these principles to the present case, we conclude that the trial court's limitation of the defendant's cross-examination was an abuse of discretion. "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis* v. *Alaska*, 415 U.S. 308, 316–17, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974). By precluding the defendant from inquiring as to why the victim felt "guilty" about relating the details of the alleged incident, the trial court improperly prohibited inquiry into a legitimate area of cross-examination. The jury in this case was asked to believe the victim's version of events, and her credibility was therefore crucial to its determination of the defendant's guilt.

In addition to the victim's veracity, her motivation for testifying and propensity for making false statements were pivotal to the defendant's case. The defendant claimed that the victim, jealous of a perceived relationship between Peggy and himself, had motive to make false accusations. The defendant was thus given an opportunity effectively to cross-examine on motive

and bias in the following areas: the victim's love for the defendant, the victim's jealousy and anger over the defendant's preference for Peggy, and the victim's propensity for making false statements. The field of inquiry as to her feelings of guilt about testifying, however, was completely obstructed by the trial court. We conclude that, by preventing the defendant from exploring why the victim repeatedly stated that she felt guilty, the trial court failed to allow him an opportunity for cross-examination sufficient to satisfy constitutional requirements. That action constituted an abuse of discretion. Accordingly, we reverse the conviction and order a new trial.

## III

The defendant next claims that he was denied his constitutional rights of confrontation and equal protection when the trial court admitted, under the constancy of accusation rule, the testimony of two police officers. Although we have already concluded that the defendant is entitled to a new trial, we address this claim because it is likely to arise on retrial.

Constancy of accusation testimony does not violate a defendant's right of confrontation when, as in this case, the declarant testifies and is subject to full and effective cross-examination. *State* v. *Kelley*, 229 Conn. 557, 563–66, 643 A.2d 854 (1994). Similarly, constancy of accusation testimony does not violate a defendant's state or federal right to equal protection. Id., 564–65.

Nonetheless, the defendant urges us to reconsider the validity of the rule in *Kelley*. It is not, however, within our province to overrule or discard the decisions of our Supreme Court. *State* v. *Reis*, 33 Conn. App. 521, 527, 636 A.2d 872, cert. denied, 229 Conn. 901, 640 A.2d 118 (1994). We therefore conclude, on the basis of Connecticut Supreme Court precedent, that the defendant was not denied his right of confrontation or his right to

equal protection by admitting constancy of accusation testimony.

## IV

We need not reach the defendant's claims that the jury was misinstructed on an element of sexual assault in the first degree and misinstructed that the date of the offense is not an element of the crime because they are unlikely to arise on retrial.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.